EMANUEL M. JOSEPHSON, Plaintiff, v. KNICKERBOCKER BROADCASTING Co., INC., Defendant.

Supreme Court, Special Term, New York County, December 7, 1942.

*Elliott L. Biskind* for plaintiff.

*James H. Halpin, William D. Tucker, Jr.,* and *Alger B. Chapman* for defendant.

WASSERVOGEL, J. The first three defenses as pleaded are clearly sufficient in law and are not irrelevant, redundant or

scandalous. (See decision in *Josephson* v. *New York World-Telegram Corp.*, 179 Misc. 786.)

The fourth and fifth defenses plead qualified privileges under section 315 of the Federal Communications Act of 1934 (U. S. Code, tit. 47, § 315). This section prohibits discrimination among qualified candidates for public office in the use of the facilities of a radio station (the basis of the fifth defense) and denies a right of censorship to the radio station (the basis of the fourth defense). The person who uttered the alleged defamatory matter was such a candidate Since this statute creates certain obligations and limitations, it is proper that the owner of the radio station be given corresponding qualified privileges against liability for statements which it has no power to control. The defenses as pleaded are sufficient.

The sixth defense is that defendant used due care in leasing its facilities for the program in question and in examining the script submitted to it. It further alleges that the defamatory matter, if any, was interpolated in the broadcast speech without defendant's prior knowledge and without any warning or indication that it was about to be interpolated and that defendant in the exercise of due care was unable to prevent it. The physical aspects of radio broadcasting warrant a rule that if the management of a radio station has used due care in the selection of the lessee of its facilities and in the inspection of the script, it should not be liable for extemporaneous defamatory remarks.

Motion in all respects denied.